**FISHEL'S FINE FURNITURE, Appellant,**

v.

**RICE FOOD MARKET, Appellee.**

No. 547.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 1, 1971.

Rehearing Denied Dec. 22, 1971.

**540**

J. R. Ramsey, Momberger & Ramsey, Houston, for appellant.

Arno W. Krebs, Jr., Fulbright, Crooker & Jaworski, Houston, for appellee.

SAM D. JOHNSON, Justice.

Fishel's Fine Furniture was covered by a fire insurance policy issued by Employers Mutual of Wausau Insurance Company, insuring against loss caused by fire. On August 7, 1967, a fire occurred in an adjacent store, Rice Food Market, causing fire damage to Fishel's Furniture. To collect what it considered to be its damages, Fishel's Furniture subsequently filed suit on November 16, 1967, in the District Court of Harris County against Employers Mutual Insurance Company. A compromise settlement was reached and payment was made by the Insurance Company to Fishel's Furniture on April 14, 1970. The judgment was entered in that case on May 25, 1970.

Thereafter the instant suit was filed on April 9, 1971, against Rice Food Market. The suit was filed by Employers Mutual Insurance Company in the name of Fishel's Furniture, and is based upon the alleged negligence of Rice Food Market in causing fire damage to the goods owned by Fishel's Furniture and insured by the Insurance Company. The action was filed within two years of the date of entry of the heretofore described judgment. It was filed, however, over three years and eight months following the date of the fire. Summary judgment was granted in the trial court for the defendant-appellee, Rice Food Market, based on the two year statute of limitations because suit was not filed for more than two years from the date of the fire.

The parties are in agreement that the two year statute of limitations is applicable. The sole question is whether the two year statute runs from the date of the fire, or the date of the Insurance Company's settlement with Fishel's, which date, contends the appellant Employers Mutual Insurance Company, was the date its cause of action accrued.

A cause of action based upon negligence accrues at the time of the wrongful act, at which time the limitations commence. Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336 (Tex.Sup.1954). Fishel's Furniture had a cause of action against Rice Food Market which accrued on August 7, 1967, the date of the fire. Fishel's Furniture's suit against Rice Food Market, had it brought one, must have been commenced within two years from the date of its accrual or be subject to an effective plea of limitations based on the two year statute, art. 5526, Vernon's Tex.Rev.Civ.Stat.Ann.

■ Employers Mutual Insurance Company, in its original petition in this cause, pleaded this cause of action under its subrogation right arising by contract and by entry of judgment in the previously described first case between Fishel's Furniture and the Insurance Company. Subrogation "is a doctrine of equity, a substitution of another person in the place of the creditor so that the person in whose favor it is applied succeeds to the rights of the creditor in relation to the debt." Platte v. Securities Inv. Co., 55 S.W.2d 551 (Tex. Com.App.1932, jdgmt adopted). One entitled to subrogation must work through the creditor whose rights he claims. Insurance Co. of No. America v. Fredonia State Bank, 469 S.W.2d 248 (Tex.Civ.App.-Tyler 1971, no writ); 83 C.J.S. Subrogation § 14, p. 612 (1953). If the subrogor has no rights, then the subrogee can have none. Platte v. Securities Inv. Co., supra; Pugh v. Clark, 238 S.W.2d 980 (Tex.Civ.App.-Galveston 1951, writ ref'd n. r. e.). "The insurer's right of subrogation is derived from the rights of the insured, and is limited to those rights, and there can be no subrogation where the insured has no cause of action against the defendant." International Ins. Co. v. Medical-Professional Bldg., 405 S.W.2d 867, 869 (Tex. Civ.App.-Corpus Christi 1966, writ ref'd n. r. e.). Employers Mutual Insurance Company has brought this suit subrogating or substituting itself for Fishel's Furniture. Standing in the position of Fishel's Furniture it must find itself barred by the two year statute of limitations which has been asserted here.

Employers Mutual's cause of action is not one for indemnification or for contribution. The authority relied upon in such circumstances is not considered applicable or controlling. Neither are workmen's compensation proceedings since the tolling of the statute of limitations there is statutory. See art. 8307, sec. 6a, Tex.Rev.Civ. Stat. This statute precludes the compensation carrier's right of action until compensation has been paid.

■ The initial suit filed by Fishel's Furniture against Employers Mutual presented the opportunity for Rice Food Market to be impleaded. Rule 38, Tex.R. Civ.P. allows a defendant to file a cross-action against a person not a party to the action who is or may be liable to him or to plaintiff for all or part of the plaintiff's claim against the defendant. This procedure is not, as suggested by appellant, prohibited by Kirby Petroleum Company v. Jones, 383 S.W.2d 610 (Tex.Civ.App.-Tyler 1964, writ ref'd n. r. e.).

Appellant's point of error is overruled. The judgment of the trial court is affirmed.