**Charles SHEPPARD, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 790.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 23, 1973.

Rehearing Denied June 13, 1973.

Thomas P. Sartwelle, Fulbright, Crooker & Jaworski, Houston, for appellant.

E. J. Wohlt, Jr., Marvin B. Peterson, Jr., Schmidt, Matthews & Peterson, Houston, for appellee.

TUNKS, Chief Justice.

This case involves an insurer's right of subrogation to its insured's cause of action against an uninsured motorist. The particular question is concerned with the application of the two year statute of limitations, Vernon's Tex.Rev.Civ.Stat.Ann. art. 5526, to a suit by such a subrogee against the uninsured motorist.

On October 17, 1968 there was in force a policy of liability insurance issued by State Farm Mutual Insurance Company (State Farm) to Billy M. Johnson as insured. The policy included an uninsured motorist provision. On that date Johnson was driving his insured automobile when it collided with an automobile driven by Charles Sheppard. Johnson's wife, Glynda Kay, and minor son, Tommy, were passengers in Johnson's car at the time of the collision. All three Johnsons received personal injuries in the collision and the Johnson car was damaged.

On December 31, 1969 the Johnsons filed suit against Sheppard seeking a judgment for damages resulting from their personal injuries. They did not, however, procure the issuance and service of citation on Sheppard at that time.

On October 8, 1970 State Farm filed an intervention in the Johnsons' suit against Sheppard. By that intervention State Farm sought recovery against Sheppard of $2,360.86 which it had paid to Johnson under the collision provision of its policy for damages to the Johnson automobile in the collision in question. At the time the intervention was filed Sheppard had not been served with citation in the Johnsons' suit. State Farm did not procure issuance of citation of its intervention until October 22, 1970—more than two years after the collision. The writ of citation issued on that date was later returned unserved.

On February 9, 1971 the Johnsons filed a first amended original petition in their suit against Sheppard. In that pleading the Johnsons, for the first time, named State Farm as defendant and sought judgment against that defendant under the terms of the uninsured motorist provision of the insurance policy. Also for the first time the Johnsons procured the issuance and service of citation on Sheppard, serving him with their amended petition on February 18, 1971.

On April 10, 1971 Sheppard filed an answer in which he pleaded, among other things, the two year statute of limitations.

On April 30, 1971 State Farm filed a cross-action against Sheppard seeking, as subrogee of the Johnsons, recovery against him if it were to be found that he was uninsured and liable for damages sustained by the Johnsons.

The case was tried to a jury. After the close of the evidence the Johnsons, over the objection of State Farm, took a non-suit as to Sheppard. The jury found Sheppard to have been guilty of several acts and omissions of negligence that proximately caused the collision. The jury found the Johnsons had sustained personal injuries resulting in damages to Billy M. Johnson in

the amount of $3,045, to Glynda Kay in the amount of $2,920 and to Tommy in the amount of $1,500. The trial court rendered judgment in favor of the Johnsons against State Farm for the amounts of damage found to have been sustained by the Johnsons as a result of their personal injuries. State Farm has not appealed from that judgment. The trial court also rendered judgment in favor of State Farm against Sheppard for $7,465, the total of the amounts recovered by the Johnsons against State Farm on account of personal injuries. Only Sheppard has appealed.

It should be noted at this point that, although there was a stipulation as to the amount by which the Johnson car was damaged, which amount had been paid by State Farm to Johnson, the trial court did not render judgment for State Farm against Sheppard for this item. State Farm does not complain of the judgment because of that fact. From this fact we assume that State Farm concedes that its claim for reimbursement for that which it paid to Johnson as automobile damage is barred by limitations.

■ The principal contention made by Sheppard in this appeal is that neither the Johnsons nor State Farm filed and prosecuted with diligence any suit against him within the period of two years after the collision so that State Farm, as subrogee of the Johnsons, was not entitled to any judgment against him. He argues that the Johnsons' claim against him was barred by limitations so that his plea of limitations prevented any recovery by State Farm as subrogee of the Johnsons.

As noted above, State Farm apparently concedes that its claim as subrogee to the Johnsons' claim against Sheppard for car damages is barred by limitations. As to that claim State Farm was a contractual subrogee under the trust agreement of the insurance policy. As to its claim as subrogee of the Johnsons' claim against Sheppard for personal injuries State Farm contends that it is a statutory, rather than contractual, subrogee and that for such reason its cause of action against Sheppard for reimbursement for the amount it paid to the Johnsons for their bodily injuries did not accrue until it was adjudged liable to the Johnsons for such damages. (State Farm had not paid nor accepted liability to pay the Johnsons for such personal injury damages before it was adjudged liable therefor.)

■ The ordinarily applicable rule is to the effect that a subrogee succeeds to the rights of its subrogor so that if the subrogor's rights against the wrongdoer become barred by limitation the subrogee's claim is also barred. Fishel's Fine Furniture v. Rice Food Market, 474 S.W.2d 539 (Tex. Civ.App.—Houston (14th Dist.) 1971, writ dism'd). State Farm contends that the ordinary rule should not be applied here because, by analogy to the claim by a workmen's compensation carrier, as subrogee of the injured workman, against a third party wrongdoer, it should be held that its cause of action against Sheppard did not accrue until it was adjudged liable to the Johnsons. We do not agree with such contention. The proposed analogy is not appropriate.

Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 6a (1917) gives a workmen's compensation carrier a right of subrogation to the claim of an injured covered workman against a third party whose wrongdoing caused the workman to suffer an injury covered by the carrier's policy. The statute also provides that such an injured workman may proceed either against the third party or the compensation carrier, "but not against both." If the workman elects to proceed against the third party before asserting his claim against the carrier he waives his claim against the carrier. As to such a situation the Court in Campbell v. Sonford Chemical Company, 486 S.W.2d 932, 934 (Tex.Sup. 1972) said:

"The rule in Texas may be stated as follows: When a claimant elects to pro-

ceed under workmen's compensation statutes and qualifies for an award thereunder, the cause of action of the compensation carrier does not accrue against a third party until the amount of the award made by the Industrial Accident Board is paid by the carrier or until the claimant obtains a final judgment in a court of competent jurisdiction against such insurance carrier. When either of these events occur, the cause of action matures against the third party and the suit authorized by Section 6a must be filed on such cause of action either by the carrier or by the insured within two years from that date."

The statute which gives State Farm its rights as to the Johnsons' claim against Sheppard is Tex.Ins.Code Ann. art. 5.06–1(3) (1967), V.A.T.S., which provides:

"(3) In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury, sickness or disease, or death for which such payment is made."

There is nothing in that statute or any other statute that prevented the Johnsons from proceeding against both Sheppard and State Farm at the same time. There is no statutory provision that effected a waiver of the Johnsons' claim against State Farm because of their suit against Sheppard before a final successful disposition of their claim against State Farm. The bases upon which the Courts have held that a workmen's compensation carrier's cause of action, as subrogee of a workman against a third party, does not accrue until it is adjudged liable to its subrogor do not exist as to State Farm's cause of action, as subrogee of the Johnsons, against Sheppard. Its claim, as subrogee of the adult

Johnsons' cause of action against Sheppard for personal injuries, was barred by the two year statute of limitations.

■■ Insofar as the claim of the minor plaintiff Tommy Johnson is concerned there is no bar by limitations. Limitations will not run against his claim until he reaches majority. State Farm, adjudged liable to him in the amount of $1,500, was subrogated to his enforceable claim against Sheppard. His taking of a non-suit did not prejudice either him in the assertion of his claim or State Farm in asserting it as his subrogee. The trial court correctly rendered judgment in favor of State Farm against Sheppard for the amount found by the jury to represent the damages for which Sheppard was liable to Tommy Johnson.

The judgment of the trial court is affirmed except as to the amount of the recovery by State Farm against Sheppard. The trial court's judgment is reformed so as to adjudge recovery by State Farm against Sheppard in the amount of $1,500 with interest from the date of the trial court's judgment.