**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**FIRE INSURANCE EXCHANGE, Appellee.**

No. 5362.

Court of Civil Appeals of Texas, Eastland.

Nov. 15, 1979.

Rehearing Denied Dec. 13, 1979.

Larry L. Gollaher, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

Ronald W. Johnson, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is a subrogation case. Fire Insurance Exchange sought to recover against

Insurance Company of North America an alleged pro rata share of a fire loss. Trial to the court resulted in a judgment awarding Fire Insurance Exchange subrogation in the amount of $30,134.00 plus interest. Insurance Company of North America appeals. We reverse and render.

North America urges that the trial court erred in rendering judgment for Fire Insurance because the suit was barred by the contractual limitations period contained in the insurance policy sued upon. We agree.

Fire Insurance had insured Gene Burks' restaurant against fire loss. Confusion developed between Burks and Fire Insurance as to whether Fire Insurance's policy would lapse or be cancelled effective December 17, 1971. Because of the uncertainty, Burks secured a fire policy binder from North America effective December 17, 1971, insuring the restaurant building for $50,000.00 and its contents for $10,000.00. The Fire Insurance policy and the North America binder contained pro rata liability clauses.

The restaurant building and its contents were substantially damaged by fire on December 24, 1971. Fire Insurance refused to make payment under its policy. Burks sued Fire Insurance after North America entered into a loan receipt agreement with him whereby North America loaned him $60,000.00. Responding to Burks' suit, Fire Insurance impleaded North America under a third party complaint for indemnity or contribution. The original suit and the third party claim were tried together before a single jury. Even though Fire Insurance failed to submit any issues to the jury which would have established its third party action against North America, Fire Insurance was granted a pro rata recovery against North America. That judgment was reversed and rendered on appeal and is now final. See Insurance Company of North America v. Fire Insurance Exchange, 525 S.W.2d 44 (Tex.Civ.App.—Waco 1975 writ ref'd n.r.e.).

Fire Insurance filed the instant suit against North America on December 19, 1975. This action, although for a pro rata recovery, is alleged to be in subrogation, the subrogator being Gene Burks.

The court in Fishel's Fine Furniture v. Rice Food Market, 474 S.W.2d 539 (Tex.Civ. App.—Houston (14th Dist.) 1971, writ dism'd), discussing subrogation said:

Subrogation "is a doctrine of equity, a substitution of another person in the place of the creditor so that the person in whose favor it is applied succeeds to the rights of the creditor in relation to the debt." Platte v. Securities Inv. Co., 55 S.W.2d 551 (Tex.Com.App.1932, judgment adopted). One entitled to subrogation must work through the creditor whose rights he claims. Insurance Co. of No. America v. Fredonia State Bank, 469 S.W.2d 248 (Tex.Civ.App.—Tyler 1971, no writ); 83 C.J.S. Subrogation § 14, p. 612 (1953). If the subrogor has no rights, then the subrogee can have none. Platte v. Securities Inv. Co., supra; Pugh v. Clark, 238 S.W.2d 980 (Tex.Civ.App.—Galveston 1951, writ ref'd n.r.e.). "The insurer's right of subrogation is derived from the rights of the insured, and is limited to those rights, and there can be no subrogation where the insured has no cause of action against the defendant." International Ins. Co. v. Medical-Professional Bldg., 405 S.W.2d 867, 869 (Tex. Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.).

See Sheppard v. State Farm Mutual Automobile Insurance Co., 496 S.W.2d 216 (Tex. Civ.App.—Houston (14th Dist.) 1973, no writ); May Trucking Co. v. International Harvester Co., 97 Idaho 319, 543 P.2d 1159 (1975).

The binder issued in favor of Burks by North America contained the following provision:

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years and one day next after cause of action accrues.

Fire Insurance has brought the instant cause subrogating or substituting itself for Gene Burks. Burks' cause of action accrued

December 24, 1971, the date of the fire. The instant cause was filed December 19, 1975. Standing in Burks' position, Fire Insurance is barred by the contractual limitation period provided in the binder.

Our holding on this point of error makes it unnecessary to consider the other points presented by Insurance Company of North America.

The judgment of the trial court is reversed and rendered that Fire Insurance Exchange take nothing.