**Gerald James GUILLOT and New York Underwriters Insurance Company, Petitioners,**

**v.**

**Vinson W. HIX, Respondent.**

**No. D–1472.**

Supreme Court of Texas.

Sept. 23, 1992.

Rehearing Overruled Nov. 11, 1992.

Gary L. Wickert, Houston, for petitioners.

Ross Asher, Steve A. Bryant, Houston, for respondent.

## OPINION

HECHT, Justice.

 When a claim for workers' compensation is made, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the person who caused the injury. TEX. REV.CIV.STAT.ANN. art. 8308–4.05(b) (Vernon Supp.1992).[1] This case requires us to determine when the carrier's subrogation action accrues for purposes of applying the statute of limitations. Although we have

---

1. This statute provides in part: "If compensation is claimed under [the Texas Workers' Compensation Act] by the injured employee or the employee's legal beneficiaries, the insurance carrier is subrogated to the rights of the injured employee and may enforce in the name of the injured employee or the legal beneficiaries the liability of that other person." Although this provision did not become effective until January 1, 1991, and claims prior to that date, like the one in this case, are governed by the former statute, 71st Leg., 2d C.S., ch. 1, § 17.18, 1989 Tex.Gen.Laws 1, 122, the corresponding provision in the former statute was essentially identical. Act of May 10, 1973, 63rd Leg., R.S., ch. 88, § 10, 1973 Tex.Gen.Laws 1, 193.

addressed this issue in the past, amendments to the Workers' Compensation Act require that we reconsider our prior decisions. The trial court held that the carrier's action in this case was not barred by limitations. The court of appeals reversed and rendered judgment against the carrier. 812 S.W.2d 400 (Tex.Civ.App.—Houston [14th Dist.] 1991). We affirm the judgment of the court of appeals, although for reasons different from those given in that court's opinion.

Gerald James Guillot was injured in the course and scope of his employment when his employer's vehicle which he was driving was struck head-on by Vinson Hix, who was driving on the wrong side of the road. The accident occurred on April 21, 1983. Guillot claimed workers' compensation benefits, and over the next fourteen months his employer's insurance carrier, New York Underwriters Insurance Company, paid a total of $12,818.25. The carrier made the last payment on June 29, 1984. The carrier filed this subrogation action against Hix on March 13, 1986. Hix moved for summary judgment on the ground that the carrier's action was barred by limitations. The trial court denied Hix' motion. The parties then stipulated all material facts, including that Hix' negligence caused Guillot $10,000 damages, and the trial court rendered judgment for the carrier.

On appeal, Hix argued that limitations began to run against the carrier's cause of action on the date of Guillot's injury, April 21, 1983, and was therefore barred. The carrier argued that limitations did not begin to run until the date of its last payment, June 29, 1984, and thus its action was not barred. The court of appeals held that when a workers' compensation insurance carrier does not dispute a claim, its subrogation action against a third party accrues when it pays or assumes to pay benefits. 812 S.W.2d 400. In this case, although the carrier paid Guillot benefits both within and beyond the two-year period prior to the date it sued Hix, the appeals court concluded that the carrier had assumed the obligation to pay benefits no later than March 2, 1984, by which date it had made eleven of the fourteen payments

eventually made and paid more than $8,400, or two-thirds of the total amount ultimately paid. Thus, the court of appeals held that the carrier's action was barred by limitations. We agree with the conclusion reached by the court of appeals, but we decline to follow its reasoning.

■ Generally, rights conferred by subrogation are entirely derivative of the subrogor's interests, to which the subrogee merely succeeds. 16 GEORGE J. COUCH, RONALD A. ANDERSON & MARK S. RHODES, COUCH CYCLOPEDIA OF INSURANCE LAW 2D §§ 61:36–61:37 (rev. ed. 1983); 3 ROWLAND H. LONG, THE LAW OF LIABILITY INSURANCE § 23.02[3][a] (1991); see Fishel's Fine Furniture v. Rice Food Market, 474 S.W.2d 539, 541 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ dism'd); Insurance Co. of North America v. Fredonia State Bank, 469 S.W.2d 248, 252 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.); International Ins. Co. v. Medical–Professional Bldg., 405 S.W.2d 867, 869 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.); Hicks v. Wright, 564 S.W.2d 785, 797 (Tex.Civ. App.—Tyler 1978, writ ref'd n.r.e.); Powell v. Brantly Helicopter Corp., 396 F.Supp. 646, 650–52 (E.D.Tex.1975). This is true of a carrier's subrogation rights under the Workers' Compensation Act. See Yeary v. Hinojosa, 307 S.W.2d 325, 332 (Tex.Civ. App.—Houston 1957, writ ref'd n.r.e.). "There is but one cause of action against the third party tortfeasor—that of the employee, who owns it burdened by the right of the insurance carrier to recoup itself for compensation paid." Phennel v. Roach, 789 S.W.2d 612, 615 (Tex.App.—Dallas 1990, writ denied), citing Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865, 868 (1952).

■ Because a subrogation action is derivative, the defendant in such an action may ordinarily assert any defense he would have had in a suit by the subrogor. 16 COUCH, supra, at § 61:224; 3 LONG, supra, at § 23.02[3][a]. Again, this rule also applies in subrogation actions under the Workers' Compensation Act. See Phennel, 789 S.W.2d at 615 (carrier's action defeated

where employee's pleadings were struck as discovery sanction); *City of Houston v. Twin City Fire Ins. Co.*, 578 S.W.2d 806, 808 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.) (employee's failure to comply with notice requirement for claim against city was fatal to insurer's subrogation suit against city); *Warneke v. Argonaut Ins. Co.*, 407 S.W.2d 834, 837 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.) (employee's release of tortfeasor barred action by carrier). Limitations is among the defenses which may be asserted. *See Sheppard v. State Farm Mut. Auto. Ins. Co.*, 496 S.W.2d 216, 218 (Tex. Civ.App.—Houston [14th Dist.] 1973, no writ); *Fishel's*, 474 S.W.2d at 541; *Texas Employers' Ins. Ass'n v. Soliz*, 288 S.W.2d 165, 167 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.) (where employee's third-party action was barred by limitations, there was nothing to which the association could be subrogated); *Powell*, 396 F.Supp. at 650–652.

 Absent a specific statute of limitations for subrogation actions, such actions are generally subject to the same statute which would apply had the action been brought by the subrogee. 2 COUCH, *supra*, at §§ 61:234, 75:38; 3 LONG, *supra*, at § 23.03[4]. In this state, as in most, there is no statute of limitations specifically covering workers' compensation insurance carriers' subrogation actions. 2 COUCH, *supra*, at § 75:39; 3 LONG, *supra*, at § 23.03[4]. Since those actions involve claims for damages on behalf of injured employees which, if brought by the employees themselves, would be covered by the two-year statute for personal injury and death claims, TEX.CIV.PRAC. & REM.CODE § 16.003, the same statute applies to subrogation actions.

The statute of limitations does not prescribe when an action accrues and limitations begins to run. We first addressed this issue as it pertains to third party actions under the Workers' Compensation Act in *Fidelity Union Cas. Co. v. Texas Power & Light Co.*, 35 S.W.2d 782, 783–784 (Tex.Civ.App.—Dallas 1931, writ ref'd). There the Court held that if an employee's compensation claim is disputed, the carrier's subrogation action against the person who injured the employee does not accrue until a final judgment is rendered against the carrier on the compensation claim. A few years later in *Texas Employers Ins. Ass'n v. Brandon*, 126 Tex. 636, 89 S.W.2d 982, 984 (Tex. Comm'n App.1936, opinion adopted), we stated in a different context that a carrier's subrogation action accrues when it "has paid or assumed to pay compensation." More recently, in *Campbell v. Sonford Chem. Co.*, 486 S.W.2d 932, 933–934 (Tex.1972), we reaffirmed the rule in *Fidelity* and added that when an employee's right to compensation is disputed, his own action against the person who injured him, like the carrier's subrogation action, does not accrue until the compensation claim is finally resolved.[2]

In all three of these cases, the Court indicated that the rules it set out for determining the accrual of third party actions under the Workers' Compensation Act were necessitated by provisions of the statute governing such actions. Specifically, the Act stated in what was then article 8307, section 6a, Tex.Rev.Civ.Stat.Ann.:

Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than

---

2. The courts of appeals consistently followed our decisions in *Fidelity* and *Brandon*. *See, e.g., Warneke v. Argonaut Ins. Co.*, 407 S.W.2d 834, 838 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.); *Derr v. Argonaut Underwriters Ins. Co.*, 339 S.W.2d 718, 722 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.); *Yeary v. Hinojosa*, 307 S.W.2d 325, 330 (Tex.Civ.App.—Houston [1st Dist.] 1957, writ ref'd n.r.e.); *Buss v. Robinson*, 255 S.W.2d 339, 343 (Tex.Civ.App.—Amarillo 1952, writ ref'd n.r.e.); *Texas Employers Ins. Ass'n v. Texas & Pac. Ry. Co.*, 129 S.W.2d 746, 749 (Tex. Civ.App.—Eastland 1939, writ dism'd judgm't cor.).

the subscriber, he shall not be entitled to compensation under this law.

Act approved March 28, 1917, 35th Leg., R.S., ch. 103, § 1, 1917 Tex.Gen.Laws 269, 285. Under this scheme, if an injured employee asserted a claim against the person who injured him before his right to compensation was established, then he lost that right altogether. The statute thus required an employee to attempt to establish his compensation claim first or forego it. If that claim was disputed while limitations ran against the employee's third party action and the carrier's subrogation action, those actions would be lost because of the employee's efforts to preserve his compensation claim under the statute. We therefore concluded that limitations did not begin to run on either the employee's third party action or the carrier's subrogation action until the carrier paid compensation or the employee obtained a final judgment against the carrier.

■ One difficulty with this rule, which we noted in *Campbell,* is that it extends, sometimes greatly, the period for filing suit against a person alleged to have injured an employee covered by workers' compensation. If the carrier disputes the compensation claim, there may be a long delay before it is finally adjudicated and limitations begins to run on a third party claim. While we considered this result necessary to prevent employees and compensation carriers from losing their rights in such cases to pursue third party defendants, we acknowledged that the rule worked "an injustice on the third-party defendant because of the delay in pursuing the cause of action against him." 486 S.W.2d at 934. We urged the Legislature to amend the Workers' Compensation Act to allow a worker to assert a claim against the person who injured him prior to a final adjudication of his claim for compensation.

A few months later the Legislature amended the Act as we had suggested. The provision quoted above from article 8307, section 6a was changed as follows:

> Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employéée may ~~at his option~~ proceed either at law against that person to recover damages or against the association for compensation under this law, ~~but not against both,~~ and if he ~~elects to~~ proceeds at law against the person other than the subscriber, then he shall not be ~~entitled~~ held to have waived his rights to compensation under this law.

Act of May 10, 1973, 63rd Leg., R.S., ch. 88, § 10, 1973 Tex.Gen.Laws 187, 193 (repealed 1989). The current Act contains essentially the same provision, differently worded:

> If a third party is or becomes liable to pay damages for an injury or death which is compensable under this Act, the employee or legal beneficiary may seek damages from the third party. An employee or legal beneficiary who seeks damages from a third party remains entitled to pursue a claim for workers' compensation benefits under this Act.

TEX.REV.CIV.STAT.ANN. art. 8308–4.05(a) (Vernon Supp.1992). With this change, an employee is no longer required to establish his right to compensation before asserting a claim against the person who injured him. An employee is free to pursue both claims simultaneously. Thus, no reason remains to defer accrual of an employee's third party action until compensation is paid or the compensation claim adjudicated. We agree with several courts of appeals which have already addressed the issue that an employee's third party claim under the Workers' Compensation Act accrues at the time of injury, just as that claim would accrue apart from the Act. *See Hawkins v. Kysor Industries Corp.,* 562 S.W.2d 565, 566 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *Burkhart v. Concho Industrial Supply, Inc.,* 549 S.W.2d 469, 470 (Tex.Civ.App.—Austin 1977, no writ); *Robinson v. Buckner Park, Inc.,* 547 S.W.2d 60, 62 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

■ Likewise, there is no reason to defer accrual of a carrier's subrogation claim until the employee's right to compensation

has been adjudicated. The court of appeals concluded that the 1973 amendments to the Workers' Compensation Act affected the accrual of an employee's action only, and not the accrual of the carrier's subrogation action. 812 S.W.2d at 402. But because the subrogation claim is derivative of the employee's rights, we hold that it accrues at the same time the employee's action against the third party accrues. If the employee brings an action against the third party within two years of the date that action accrues, then the running of the statute is tolled as to the carrier, and the carrier may intervene in that action at any time. This will prevent an employee's delay in bringing suit from prejudicing the carrier's subrogation rights.

Our holding today may bar actions which have not been filed in reliance upon the rules established by our prior decisions. We therefore make our holding applicable only to injuries which occur today and hereafter. Injuries which occurred before today remain subject to the rules in *Fidelity*, *Brandon* and *Campbell*.

The judgment of the court of appeals is

*Affirmed.*