**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 17, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-10793

MT. HAWLEY INSURANCE COMPANY,

Plaintiff-Appellant,

VERSUS

LEXINGTON INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Dallas

(3:02-CV-1700-G)

Before GARWOOD, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Mt. Hawley, a lessee's insurer, brought suit to recover from Defendant-Appellee Lexington, a lessor's insurer, under theories of subrogation and/or contribution for fire damage to insured equipment, which occurred while the equipment was in the possession of Bryan Excavation, the lessee (Mt. Hawley's insured). The facts were stipulated to by the parties and each

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

party filed a motion for summary judgment. The district court denied Mt. Hawley's motion and granted Lexington's motion. Mt. Hawley now appeals. We affirm the district court.

**BACKGROUND**

On July 24, 2002, Mt. Hawley Insurance Company ("Mt. Hawley") filed suit against Lexington Insurance Company ("Lexington") in the 162nd Judicial District Court of Dallas County, Texas. The case was timely removed on August 9, 2002, to the United States District Court for the Northern District of Texas based on diversity jurisdiction.

The issue in dispute is whether a lessee's property insurer (Mt. Hawley) may recover under theories of subrogation and/or contribution from a lessor's property insurer (Lexington) for fire damage to insured equipment which was in the possession and control of the lessee (Mt. Hawley's insured). Mt. Hawley claims Lexington, as the lessor's insurer, is required to contribute one-half of a $164,900 settlement Mt. Hawley reached with its insured, Bryan Excavation, in an underlying lawsuit involving coverage for the excavator.

After the parties agreed to a set of stipulated facts, the parties filed cross motions for summary judgment on the issue of coverage. On June 23, 2003, the district court granted Lexington's motion for summary judgment, denied Mt. Hawley's motion for summary judgment, and entered final judgment in favor of Lexington.

2

The stipulated facts are as follows:

On February 21, 2000, a Model 325BL Caterpillar Excavator caught fire and was destroyed while being used by Brian Neal d/b/a Bryan Excavation to clear debris at a development site. At the time of the fire, Bryan Excavation was leasing the excavator from Elite Rentals, Ltd. ("Elite").

The lease provided:

Lessee [Bryan Excavation] is fully responsible for equipment including loss destruction, or damage, whether with or without fault on part of lessee. Lessee [Bryan Excavation] agrees to pay Elite Rentals, Ltd. for any repairs, or replacements at Elite Rentals, Ltd.'s established prices for similar repairs, parts or accessories. . . .

Lessee [Bryan Excavation] agrees to procure, take out and keep in force and effect during the time that the Lease and Rental Agreement is in effect a policy of Insurance covering any injury, damage, or loss to the equipment.

At the time of the loss, Bryan Excavation was insured by Mt. Hawley. Following the loss, Bryan Excavation demanded Mt. Hawley provide coverage for the loss to leased property. A dispute subsequently arose between Bryan Excavation and Mt. Hawley regarding the valuation of the loss. Bryan Excavation ultimately sued Mt. Hawley for breach of contract, violations of the Texas Deceptive Trade Practices Act, and violations of Article 21.21 of the Texas Insurance Code. Ultimately, Mt. Hawley settled its lawsuit with Bryan Excavation and paid its insured $164,900 for a release of all contractual and extracontractual claims related to the damage to the excavator. The check was made payable to Bryan

3

Excavation and Elite.

After settling the lawsuit with Bryan Excavation, Mt. Hawley sought for the lessor's insurer, Lexington, to contribute $82,450 for the damage that Mt. Hawley admits was caused while the insured excavator was in the possession of its own insured. Mt. Hawley believed it was entitled to the proceeds of Lexington's policy with Elite under theories of contribution and subrogation.

Other notable facts stipulated by the parties include:

(1) Bryan Excavation is not a named insured or additional insured under the Lexington policy;

(2) Lexington's insured, Elite, is not a named insured or additional insured under the Mt. Hawley policy but is a loss payee under the Mt. Hawley policy;

(3) Mt. Hawley is not an insured under the Lexington policy;

(4) Elite never submitted a claim for coverage for the excavator under the Mt. Hawley Policy;

(5) At no time during the investigation or settlement of Bryan Excavation's insurance claim with Mt. Hawley did Mt. Hawley ever advise Elite that it was an insured under the Mt. Hawley policy and in fact Mt. Hawley's own counsel in this action advised Elite that Elite did not need to be a party to the settlement Mt. Hawley reached with Bryan Excavation because he "did not believe there exists any conceivable claims that Elite may have against Mt. Hawley."

Finally, Elite did not accept the Mt. Hawley policy proceeds in exchange for a release of Bryan Excavation's liability for the damage to the rented excavator. In fact, as set forth in the stipulated facts, prior to Bryan Excavation's negotiation of Mt. Hawley's $164,900 settlement payment, Elite's counsel informed

4

Bryan Excavation it did not agree that Mt. Hawley's original estimate of $174,900 ($10,000 more than Mt. Hawley paid Bryan Excavation because there was a $10,000 deductible) "represented the fair market value or the replacement value for the machine destroyed," and Elite would not waive any rights or remedies it might have with respect to recovery of amounts properly due it by Bryan Excavation for the destruction of the excavator pursuant to the rental agreement. Elite's counsel claimed Bryan Excavation owed $203,000 for the damaged excavator. Bryan Excavation did not contest this fact and agreed pursuant to the terms of the rental agreement that it was obligated to pay Elite more than what was paid by Mt. Hawley. Because of the lease agreement with Bryan Excavation, Elite made a conscious decision not to involve its own personal insurance with Lexington for payment for the fire damage to the excavator, but instead has looked solely to Bryan Excavation to fulfill its contractual requirement to pay for the damage to the excavator. It is undisputed that, after informing Lexington of its desire to pursue its claim directly from Bryan Excavation, Elite has never requested Lexington respond to the loss.

On appeal, Mt. Hawley asserts the district court erred in denying its motion for summary judgment and granting Lexington's motion for summary judgment. Specifically, Mt. Hawley asserts that this is a case of "double insurance" and Elite is a common insured under both policies. According to Mt. Hawley, it is entitled to subrogation (i.e., to step into the shoes of Elite) and enforce

5

Elite's contractual right to recover under the Lexington policy. Alternatively, Mt. Hawley argues that if Elite is not a common insured the Mt. Hawley policy is for the benefit of Elite and therefore, under the doctrine of equitable contribution, Mt. Hawley is entitled to recover one-half of Mt. Hawley's $164,900 settlement with its insured, Bryan Excavation.

## DISCUSSION

In this case, the parties have reached certain stipulations regarding the facts of the case and, therefore, there are no genuine issues of material fact left to be determined. FED. R. CIV. P. 56(c). When the material facts are not in genuine dispute, the only questions presented to the court on appeal are questions of law which are reviewed de novo. Am. Indem. Lloyds v. Travelers Prop. & Cas. Ins. Co., 335 F.3d 429, 435 (5th Cir. 2003).

Under Texas law, an insurer's right to subrogation derives from the rights of its insured, and is limited to those rights; there can be no subrogation where the insured has no cause of action against the defendant. Powell v. Brantley Helicopter Corp., 396 F. Supp. 646, 650 (E.D. Tex. 1975); Guillot v. Hix, 838 S.W.2d 230, 232 (Tex. 1992); Fishel's Fine Furniture v. Rice Food Mkt., 474 S.W.2d 539, 541 (Tex. Civ. App.-Houston [14th Dist.] 1971, writ dism'd). The subrogee stands in the shoes of the one whose rights it claims, and the extent of the subrogee's remedy and the measure of its rights are controlled by those possessed by the subrogor.

6

<u>McAllen State Bank v. Linbeck Constr. Corp.</u>, 695 S.W.2d 10, 24 & n.5 (Tex. App.-Corpus Christi 1985, writ ref'd n.r.e.).

Here, it is undisputed Bryan Excavation is Mt. Hawley's insured. It is further undisputed Bryan Excavation was not named as an insured or additional insured under Lexington's policy with Elite. Consequently, when Mt. Hawley steps into the shoes of its insured, Bryan Excavation, it has no express contractual right to receive payment from Lexington via subrogation. Therefore, the district court correctly concluded that Mt. Hawley cannot assert a subrogation claim against the Lexington policy.

In an effort to avoid Lexington's summary judgment, Mt. Hawley argues that Elite was an insured in the Mt. Hawley insurance policy and therefore Mt. Hawley can step into the shoes of Elite and make a claim under Elite's Lexington Policy. There are no facts to support Mt. Hawley's argument. In fact, Mt. Hawley's stipulations, admissions, and conduct establish that Elite is not an insured under the Mt. Hawley policy. The district court rejected Mt. Hawley's attempt to change positions on its relationship with Elite in the middle of the litigation and was correct to do so.

Further, Elite is not an implied-in-law co-insured, as Mt. Hawley alternatively argues. Ignoring its own stipulations, admissions, and conduct, Mt. Hawley argues that Lexington's insured, Elite, should be an insured under the Mt. Hawley policy based on the equitable principal of implied-in-law co-insured. There is, however, no basis to conclude that Elite has standing

7

under the Mt. Hawley policy as an implied-in-law co-insured. The equitable insured status is a remedy fashioned to protect a lessor where the lessee fails to comply with its obligations under the lease to obtain insurance coverage for the leased property. Cable Communications Network, Inc. v. Aetna Cas. & Sur. Co., 838 S.W.2d 947, 950 (Tex. App.—Houston [14th Dist.] 1992, no writ). Here, it is undisputed that the lease required Bryan Excavation to take out a policy covering its personal liability for any loss or damage to the rented equipment. It is further undisputed Bryan Excavation did in fact take out a policy with Mt. Hawley covering a portion of its liability for the damage to the excavator, and that Mt. Hawley paid Bryan Excavation $164,900, for the damage that was caused to the excavator while it was in the possession of Bryan Excavation. Based on these facts, the remedy offered under the implied co-insured theory is not proper.

In summary, the requirement in the lease that Bryan Excavation purchase insurance simply represents a bargained-for arrangement to provide a source from which Bryan could secure funds to wholly or partly discharge certain of its repair/replacement obligations as lessee that might arise under particular circumstances. In addition, there was nothing in the lease agreement that required Bryan Excavation to procure insurance on Elite's behalf and/or name them as an insured, additional insured, or loss payee. It is obvious from this rental agreement that the parties to the lease all intended that Bryan Excavation was solely responsible for the

8

protection of the excavator while it was in Bryan Excavation's possession as leased property. This was the commercial expectation of these parties and the insurance policies reflect this understanding. Therefore, the district court correctly decided the subrogation issue.

In addition to its effort to subrogate against Lexington, Mt. Hawley asserts the existence of the Lexington policy makes the two companies "co-insurers" on the excavator, thus making Lexington obligated to contribute equally in Mt. Hawley's settlement with Bryan Excavation. Mt. Hawley seeks contribution from Lexington on the ground that it and Lexington have a common legal and contractual obligation to pay for the actual cash value of the excavator pursuant to the policies' "other insurance" clauses.

"For an insurer to be entitled to equitable contribution from other insurers, the policies in question must insure the same party, the same interest, and the same risk." Union Indem. Ins. Co. of N.Y. v. Certain Underwriters at Lloyd's, 614 F. Supp. 1015, 1016 (S.D. Tex. 1985). Here, Mt. Hawley's and Lexington's obligations are separate and independent. Mt. Hawley's policy protects Bryan Excavation's liability for loss occasioned to equipment it rents from third parties. Elite is not identified anywhere in the Mt. Hawley policy as an insured. Similarly, Lexington's policy protects only Elite's interests in the equipment it rents to third parties. Not only is Bryan Excavation not mentioned in Elite's policy, the policy specifically notes

9

noninsureds have no right to the policy and affirmatively states: "[t]his insurance is for your [Elite's] benefit. No third party having temporary possession of your property, such as a transportation company, lessee or rentee, can benefit directly or indirectly from it."

In light of the differences between the two policies, the "other insurance" provision in the insurance contract between Mt. Hawley and Bryan Excavation does not impose liability on Lexington (via Elite). Because in this case the risks and the interests which were insured are not identical, the district court was correct in finding that Mt. Hawley is not entitled to contribution from Lexington in discharging its liability to its insured, Bryan Excavation. Lexington was, at most, contractually bound to pay Elite's claims for any losses it sustained because of the fire. Elite, not wanting to utilize its own insurance (at the risk of higher premiums) for a fire caused by its lessee, pursued no claim under the Lexington policy. Instead, Elite and Bryan Excavation agreed that because Bryan Excavation caused the damage, Bryan Excavation would pursue the claim for fire damage to Elite's equipment against Bryan's insurance company, Mt. Hawley, and personally pay the balance of any amount not recovered thereunder from the policy proceeds. Therefore, the district court was correct in granting summary judgment to Lexington on the contribution issue.

## CONCLUSION

Having carefully reviewed the record of this case, the parties' respective briefing and arguments, and for the reasons set forth above, the decision of the district court denying Mt. Hawley's motion for summary judgment and granting Lexington's motion is affirmed.

**AFFIRMED.**