STATE of Texas, Appellant,

v.

AIRGAS–MID SOUTH, INC., Appellee.

No. 06–01–00174–CV.

Court of Appeals of Texas,
Texarkana.

Submitted July 16, 2002.

Decided July 30, 2002.

Hector J. Flores, Assistant Attorney General, Transportation Division, Austin, for appellant.

Bradley C. Poulos, Cantey & Hanger, Fort Worth, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice MORRISS.

The State of Texas, by and through the Texas Department of Transportation, appeals the summary judgment granted in favor of Airgas–Mid South, Inc. The State sued Airgas–Mid South alleging Rickey Smith, acting within the course and scope of his employment with the Texas Department of Transportation, slipped and fell on a wet floor at Airgas–Mid South's business location. The State alleged that, because it made worker's compensation payments to Smith, it was entitled to be subrogated to Smith's right of recovery for Airgas–Mid South's negligence.

Airgas–Mid South filed an answer in which it contended the State's claim was barred by the statute of limitations. Airgas–Mid South also filed a motion for summary judgment asserting its limitations

contention. The trial court granted the motion. The sole issue on appeal is whether Tex. Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon Supp.2002) bars the State's suit.

To prevail on a motion for summary judgment under Tex.R. Civ. P. 166a(b), the movant must establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). We indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Id.* On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.*

Because Airgas–Mid South moved for summary judgment on the ground the statute of limitations had run, it must have (1) conclusively proved when the cause of action accrued, and (2) negated the discovery rule, if it applies and was pleaded or otherwise raised, by proving as a matter of law there is no genuine issue of material fact about when the State discovered, or in the exercise of reasonable diligence should have discovered, its cause of action. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). If Airgas–Mid South established the action was barred by the statute of limitations, the State must then have adduced summary judgment proof raising a fact issue in avoidance of the statute of limitations. *See id.*

■ Section 16.003 of the Texas Civil Practice and Remedies Code provides that, except in certain situations not applicable here, a person must bring suit for personal injury not later than two years after the cause of action accrues. Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a). Airgas–Mid South presented summary judgment proof that the State alleged Smith was injured on March 8, 1999, and that the State brought suit on June 4, 2001.

The State cites Section 16.061 of the Texas Civil Practice and Remedies Code, which provides that a right of action of the State of Texas and other political subdivisions of the State is not barred by Section 16.003. Tex. Civ. Prac. & Rem.Code Ann. § 16.061(a) (Vernon Supp.2002). Airgas–Mid South relies on *Harris County v. Carr,* 11 S.W.3d 342, 344 (Tex.App.-Houston [1st Dist.] 1999, no pet.), in which the court of appeals held, on facts similar to those in the present case, that Section 16.061(a) does not apply to a state entity asserting a worker's compensation subrogation claim. In *Carr* the court reasoned that, because a worker's compensation subrogation claim is a claim belonging to the injured employee, it does not belong to the political subdivision and is not covered by the limitations exemption in Section 16.061(a). *Id.* (citing *Franks v. Sematech, Inc.,* 936 S.W.2d 959, 960 (Tex.1997), which held a worker's compensation subrogation claim is one belonging to the injured employee); *see also State ex rel. Tex. Dep't of Transp. v. Esquivel,* No. 08–01–00199–CV, 2002 WL 1034049, at * 5, —— S.W.3d ——, —— (Tex.App.-El Paso May 23, 2002, no pet. h.) (holding Section 16.061 did not exempt State of Texas from two-year statute of limitations to bring worker's compensation subrogation claim).

Without seeking to distinguish *Carr*, the State contends the plain language of Section 16.061 exempts the State from the limitations period embodied in Section 16.003. The State also contends the policy of allowing the State to pursue claims for monies paid from the treasury unhindered by a statute of limitations would be thwarted if Section 16.061(a)'s legislatively prescribed exemption were not applied to subrogation claims brought by the State.

■ When construing a statute, our ultimate purpose is to discover the Legislature's intent. *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 89 (Tex. 2001). In so doing, we begin with the words the Legislature used. *Id.* "If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms." *Id., quoting Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999). If two statutory provisions appear to conflict, we must attempt to harmonize the provisions. *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex.1984).

The plain language of Section 16.061(a) gives the State of Texas an exemption from the limitations period of Section 16.003(a) for "a right of action of this state." Tex. Civ. Prac. & Rem.Code Ann. § 16.061(a). The Texas Supreme Court has held a workers' compensation insurer who asserts a subrogation claim asserts a claim that belongs to the employee. *Franks*, 936 S.W.2d at 960. It is therefore not "a right of action of this state," even when the State is the workers' compensation insurer. Because Section 16.003(a) applies to subrogation claims, *Guillot v. Hix*, 838 S.W.2d 230, 233 (Tex.1992), the State had to bring its suit within two years of Smith's injury.

The State's policy argument is appealing, but ignores the fact that, though *Guillot* was written in 1992 and *Carr* in 1999, the Legislature has not subsequently acted to exempt the State from a limitations defense when it is the subrogee. Had the Legislature wished to empower the State to pursue subrogation claims notwithstanding the statute of limitations, it could have. We presume the Legislature is aware of court decisions when it enacts or fails to enact statutes. *See Moss v. Gibbs*, 370 S.W.2d 452, 458 (Tex.1963). Without legislative action, we are constrained by the principles set out by the Texas Supreme Court in *Franks* and *Guillot*. The courts of appeals rulings in *Carr* and *Esquivel* follow these principles. We agree.

The judgment is affirmed.