**Reversed and Rendered and Opinion Filed February 17, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00348-CV

### THE CITY OF DALLAS, Appellant
### V.
### AL ELLIS, Appellee

### On Appeal from the 298th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-99-05680-M

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Francis

The City of Dallas appeals the trial court's denial of its motion for scire facias to revive a dormant judgment against Al Ellis. In two issues, the City asserts the ruling was error because (1) it established the necessary statutory requirements to revive the judgment and (2) Ellis's defenses of limitations and laches do not apply. For reasons set out below, we agree with the City. Accordingly, we reverse the trial court's order and render judgment granting the City's motion, thus reviving the dormant judgment.

In 1987, a City employee was injured in an automobile accident during the course and scope of his employment as a firefighter. The City, as a workers' compensation self-insurer, paid the employee workers' compensation benefits. Ellis, an attorney, represented the employee in his personal injury claim against the third-party tortfeasors who caused his injuries. The suit

settled. The settlement agreement provided for Ellis to resolve the City's worker's compensation lien. Ellis was aware of the law in effect at that time and knew the City had the right to recover the "first money" from the employee's settlement to offset the amount the City paid to the worker in workers' compensation benefits. The City, however, was not paid. *See Ellis v. City of Dallas*, 111 S.W.3d 161, 164–65 (Tex. App.—Eastland 2003, no pet.).

The City sued Ellis for conversion of its workers' compensation lien. Following a trial, a jury found in the City's favor. On September 28, 2001, the trial court signed a judgment in accordance with the jury's verdict awarding the City judgment for $86,926.82 with interest at the rate of 10 percent per annum and taxable court costs. On December 28, 2001 the trial court signed a modified final judgment reducing the total awarded to the City to $75,626.09, plus post-judgment interest and court costs. Ellis appealed, and the judgment was affirmed. *See id.* at 168.

Nearly eleven years later, on November 5, 2012, the City filed a motion to revive the judgment by scire facias. The motion, however, mistakenly sought to revive the September 28, 2001 judgment, not the modified final judgment. In accordance with the City's request, the trial court revived the September 28, 2001 judgment. After a writ of execution issued two and a half years later, the City realized it had revived the wrong judgment.

Consequently, on July 30, 2015, the City filed its first amended motion to revive judgment by scire facias, this time seeking to revive the modified final judgment of December 28, 2001. In its motion, the City acknowledged a judgment becomes dormant ten years after rendition of judgment and ordinarily can be revived by scire facias within two years from the date the judgment became dormant. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 34.001(a) (execution on dormant judgment); 31.006 (revival of judgment) (West 2015). But, apparently recognizing that more than two years elapsed between the dormancy of the modified judgment and the motion for scire facias, the City asserted section 16.061(a) of the civil practice and

–2–

remedies code exempted it from the two-year statute of limitations.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.061(a) (2015).  Ellis filed a response in which he did not challenge the City's statute of limitations assertion; rather, Ellis argued only that laches barred the City's attempt to revive the judgment.  Following a hearing, the trial court revived the modified final judgment.

Ellis filed a timely motion for reconsideration and motion for new trial and, for the first time, argued section 16.061 did not exempt the City from the two-year statute of limitations because the underlying claim was based on a subrogation interest belonging to the City's employee, not the City.  Ellis also reasserted his laches defense.  After a hearing, the trial court granted Ellis's motion, vacated its order reviving the December 28, 2001 judgment, and ordered that the judgment is not revived and is considered dormant and unenforceable for all purposes. The City appealed.

In two issues, the City argues the trial court erred by refusing to revive its judgment against Ellis for conversion of the City's statutory workers' compensation lien.  The City argues it satisfied all statutory requirements, leaving the trial court without discretion to deny its motion and enjoin the City from enforcing its judgment.  The City also argues it cannot be barred from reviving its judgment by either limitations or laches.  We begin with the limitations argument.

If a writ of execution is not issued within ten years after the rendition of a judgment of a court of record, the judgment is dormant and execution may not be issued on the judgment unless it is revived.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a).  Ordinarily, a dormant judgment may be revived by scire facias not later than the second anniversary of the date the judgment becomes dormant.  *Id*. at § 31.006.  In determining whether to issue a writ of scire facias reviving a judgment, the trial court shall consider the date of the underlying judgment, evidence of any writs of execution issued on the judgment, and the date of the motion to revive

the judgment scire facias. *Chen v. Nguyen*, No. 05-15-00077-CV, 2016 WL 258786, at *1 (Tex. App.—Dallas Jan. 21, 2016, no pet.) (mem. op.).

Here, the City waited more than two years from the time the December 28, 2001 judgment became dormant to file its motion to revive. Nevertheless, the City argues it is exempt from the two-year limitations period under a general limitation exemption granted to various governmental entities under section 16.061, which provides:

> A right of action of this state or a political subdivision of the state, including . . . an incorporated city . . . is not barred by any of the following sections [of the Texas Civil Practice and Remedies Code]: . . . 31.006 . . . ."

TEX. CIV. PRAC. & REM. CODE ANN. § 16.061.

As he did in the trial court, Ellis argues section 16.061 does not apply to the circumstances of this case because the City is asserting a subrogation interest in a claim belonging to its employee. As such, he argues, the City's is not asserting its own "right of action." To support his argument, he relies on *Harris County v. Carr*, 11 S.W.3d 342 (Tex. App.—Houston [1st Dist.] 1999, no pet.) and two cases that followed it, *Texas Department of Transportation v. Esquivel*, 92 S.W.3d 17 (Tex. App.—El Paso 2002, no pet.), and *State of Texas v. Airgas-Mid South, Inc.*, 83 S.W.3d 890 (Tex. App.—Texarkana 2002, no pet.).

In *Carr*, Harris County paid an employee workers' compensation benefits after he was injured in an automobile accident. 11 S.W.3d at 343. More than three years later, Harris County, on its own behalf and on its employee's behalf, sued the driver of the other vehicle for negligence. The defendant asserted the claim was barred by limitations and laches, and the trial court agreed. *Id.*

On appeal, the county argued its claim was not barred because it was exempt from the statute of limitations under section 16.061. The court of appeals disagreed, explaining that a workers' compensation insurer who asserts a subrogation claim is asserting a claim that belongs

–4–

to the employee and, regardless of whether the insurer sues in its own name, that claim belongs to the employee. *Id.* Thus, the court of appeals concluded the subrogation claim brought by the county against the third-party tortfeasor was not a cause of action belonging to the county that was covered by section 16.061; thus, the claim was barred by limitations. *Id.* at 344.

Likewise, in *Esquivel* and *Airgas-Mid South*, the governmental units sued third-party tortfeasors to recover workers' compensation payments made to their employees for injuries caused by the tortfeasors' negligence. *Esquivel*, 92 S.W.3d at 19; *Airgas-Mid South*, 83 S.W.3d at 891. The defendants in both cases raised the statute of limitations, and the governmental units relied on section 16.061 for an exemption. In both cases, the defendants relied on the reasoning in *Carr* to conclude 16.061 did not apply, and the courts of appeals agreed. *Esquivel*, 92 S.W.3d at 23; *Airgas-Mid South*, 83 S.W.3d at 892.

We do not disagree with the general principles of subrogation law set out in *Carr*, *Esquivel*, and *Airgas-Mid South.* Specifically, we agree that when a workers' compensation carrier asserts a subrogated claim against third-party tortfeasors, the carrier is asserting a claim derivative of the employee's claim, and in such situations, the carrier "stands in the shoes" of the injured employee. But the posture of this case is materially different from *Carr* and its progeny. Unlike those cases, the City here is not seeking to invoke section 16.061 to avoid the statute of limitations in a suit brought against the third-party tortfeasors, where it would clearly "stand in the shoes" of its employee. Moreover, the judgment the City seeks to revive did not arise from such a circumstance and is not one for an employee's personal injuries. Rather, it is a judgment for conversion, resulting from the City's suit against the employee's attorney Ellis who, once he settled the suit against the third-party tortfeasors, refused to pay the City what it was owed on its workers' compensation lien. Under these circumstances, we conclude that in attempting to revive the judgment, the City is asserting its own "right of action," not the employee's, and thus

–5–

is entitled to the exemption from the statute of limitations provided in section 16.061.  Therefore, the City's action to revive the dormant judgment is not barred by limitations.

Next, we address the City's contention that laches does not bar its right to revive and enforce its judgment.  Assuming without deciding that laches can apply to bar a City from reviving a judgment owed to it, Ellis failed to show the defense applies in this particular case.

Laches is an equitable defense that prevents a plaintiff from asserting a claim due to delay—"not mere delay but delay that works a disadvantage to another." *Culver v. Pickens,* 176 S.W.2d 167, 170–71 (Tex. 1943).  It rests on the theory that because of a delay in the exercise of a legal or equitable right, the defendant would be unconscionably prejudiced if the right were exercised.  *Regent Int'l Hotels, Ltd. v. Las Colinas Hotels Corp*, 704 S.W.2d 101, 106 (Tex. App.—Dallas 1985, no writ).  Unlike statutes of limitations, "laches is not . . . a mere matter of time; but principally a question of the inequity of permitting the claim to be enforced. . . ." *Condom Sense, Inc. v. Alshalabi*, 390 S.W.3d 734, 758 (Tex. App.—Dallas 2012, no pet.) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946)).  Two essential elements must exist for laches to bar a claim:  (1) a party's unreasonable delay in asserting a legal or equitable right and (2) a good-faith change of position by another to his detriment because of the delay.  *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989).

In this case, Ellis alleged he was harmed by the City's delay in reviving its judgment because (1) post-judgment interest has more than tripled the amount of the original judgment and (2) he is no longer eligible to serve on City boards and commissions.

In his affidavit, Ellis asserts he "always intended" to pay the City for its subrogation interest.  He relies on his conduct before the judgment was rendered against him in that he sent

the City a check in the amount he believed they agreed upon, but the City rejected the payment.[1] He asserts his delay in paying the final judgment was due to his "true and good faith belief" the City would "settle for less than the judgment." This belief, he asserts, was based on his "prior experiences in my clients' litigation with the City and on representations of City employees that it would settle the claim." Ellis further asserts he "held the impression" the City was "willing to negotiate a settlement" of the final judgment until March 2015, when the City "first informed" him it would not negotiate a settlement because it believed it was precluded by law from doing so. Ellis asserts that had the City informed him settlement was impossible "from the beginning," he would have paid the judgment.

Ellis then asserted before this "incident," he was very active in the Dallas community, but as a result of the conflict with the City, he is no longer eligible to serve on boards and commissions. In addition, he asserted that his "credibility and reputation, both personal and professional, have been damaged." Finally, he asserted the loss of civic opportunities and injury to his reputation is "severe."

Having reviewed Ellis's affidavit, we conclude he failed to present any evidence that he had a good faith, detrimental change in his position in reliance on the City's delay in asserting its rights. The judgment has tripled because post-judgment interest has accrued; Ellis cannot sit on City boards and commissions because he owes the City money. Ellis knew of the judgment against him and that it was accruing interest. He also knew he had an obligation to pay the judgment. To the extent Ellis argues he relied on pre-judgment statements by the City that it would settle the claim for less than owed, that issue was determined against him in the

---

[1] We note that in the underlying lawsuit that resulted in the conversion judgment, Ellis testified he and the City's claims manager had reached an agreement to settle the claim for less than the City was owed. The claims manager, however, testified he never settled City's workers' compensation liens for less than 100 percent (minus up to one-third for attorney's fees) because the funding for the City's workers' compensation payments came from tax dollars. *See Ellis*, 111 S.W.3d at 165. When Ellis sent the City a check for less than the full amount owed, the City returned it. *Id*. The jury ultimately decided this fact question in the City's favor when it answered "No" to the question asking whether the City agreed to accept a lesser sum than owed as a complete settlement of its workers' compensation lien. *Id*. at 163.

underlying suit. Moreover, Ellis has presented no evidence the City made or accepted any offer to settle for less than what was owed after the judgment was rendered, much less since the judgment became dormant, or, if such an offer or acceptance was made, when it was made. To the extent he believed there was a possibility the City would accept less than the full amount of the judgment after it was rendered, and in spite of the fact the parties had litigated the very issue of whether the City had agreed to settle for less, it was Ellis's obligation to pursue a course of action to attempt to achieve that result; the City was under no obligation to accept less. Ellis has produced no evidence of any such efforts; rather, he relies on his "impression" that the City was "willing to negotiate." The increase in the amount owed on the judgment and Ellis's inability to participate in certain civic activities was due solely to his failure to pay a judgment he indisputably owed. Having reviewed the record, we conclude Ellis failed to produce evidence that he had a good-faith change of position to his detriment because of the delay. We further conclude the City established the necessary statutory requirements to revive the judgment. We sustain both issues.

We reverse the trial court's order granting Ellis's motion for reconsideration and motion for new trial, vacating its prior order reviving the judgment, and ordering the judgment not revived and dormant. We render judgment granting the City's motion for scire facias, thus reviving the dormant judgment. *See Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, at *1 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.).


/Molly Francis/
_____
MOLLY FRANCIS
JUSTICE


160348F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE CITY OF DALLAS, Appellant

No. 05-16-00348-CV     V.

AL ELLIS, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-99-05680-M.
Opinion delivered by Justice Francis;
Justices Fillmore and Stoddart participating.

      In accordance with this Court's opinion of this date, the trial court's Order on Defendant's Motion for Reconsideration and Motion for New Trial is **REVERSED** and judgment is **RENDERED** granting the City's motion for scire facias and reviving the December 28, 2001 judgment.

      It is **ORDERED** that appellant City of Dallas recover its costs of this appeal from appellee Al Ellis.


Judgment entered February 17, 2017.