**Affirmed and Opinion Filed February 14, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00932-CV**

**DALLAS COUNTY, TEXAS, Appellant**
**V.**
**TIM SUTTON A/K/A TIMOTHY SUTTON A/K/A TIMOTHY L. SUTTON**
**A/K/A TIMOTHY LEE SUTTON, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-05497-B**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Partida-Kipness

In this appeal we are asked to consider the application of the statute of limitations against Appellant Dallas County (the County) after it tried to recover excess monies mistakenly paid to Appellee Tim Sutton following a constable's execution sale. The trial court granted Sutton's traditional and no-evidence motions for summary judgment which asserted the limitations defense, while denying the County's related summary judgment motions. On appeal, the County asserts the trial court erred in: (1) granting Sutton's no-evidence motion for summary judgment, (2) denying the County's no-evidence motion for summary judgment, (3) granting

Sutton's traditional motion for summary judgment, and (4) denying the County's traditional motion for summary judgment. We affirm.

## BACKGROUND

The relevant facts are largely undisputed. In May 2016, Sutton secured a judgment against Francisco Rodriguez for $9,200 plus interest and costs. Sutton obtained a writ of execution and sent it to the Dallas County Constable's office, requesting they sell Rodriguez's real property to satisfy the judgment. The sale took place on October 4, 2016. The proceeds from the sale exceeded the amount due to Sutton. Based on the prior judgment, interest, and costs, Sutton was entitled to receive $10,027.64. However, in mid-October 2016 the County mistakenly sent Sutton two checks totaling $20,062.87. Thus, Sutton received an excess of $10,035.23. Sutton claims he recognized the mistake and attempted to return the excess funds, but the County refused to accept them. Ultimately, Sutton deposited or cashed the checks.

After realizing its mistake, the County attempted to contact Sutton via email in January 2017. The County then sent Sutton a demand letter on January 30, 2017. That article was addressed to "Timothy Sutton" but signed for by "Aaron Sutton" on or about February 3, 2017. It was later marked "Not at Address, Return to Sender." Sutton claimed he never received the demand letter or the prior email.

Rodriguez learned of the wrongful payment and made a demand on the County for the excess funds paid to Sutton. Rodriguez submitted a claim to the

Dallas County Commissioners Court around June 23, 2017. The commissioners court approved Rodriguez's claim by order dated August 1, 2017, and the Dallas County Treasurer issued a check payable to Rodriguez for $10,035.23 on or about September 19, 2017. The County attempted to contact Rodriguez to advise him the County would release the check once he executed a release, but Rodriguez apparently did not respond. Rodriguez's sister contacted the County and asked if she could pick up the check, as Rodriguez was purportedly out of the country. However, the County would not release the check until Rodriguez executed a release. The County ultimately received a release from Rodriguez on October 21, 2020.[1] The County issued a new check (the prior check had expired) to Rodriguez on November 17, 2020.

The County then filed suit against Sutton on December 18, 2020, asserting claims for money had and received and unjust enrichment. The County also requested declaratory relief to determine the rights of the parties regarding the excess funds. The County pleaded that the statute of limitations is inapplicable to its claims, citing section 16.061(a) of the Civil Practice and Remedies Code. Sutton answered, asserting a general denial and the affirmative defenses of limitations, estoppel, and laches. Sutton asserted the County was not entitled to rely on the exemption to the statute of limitations contained in section 16.601(a).

---

[1] The record does not reflect Rodriguez's whereabouts during the three-year period between the County's issuance of the original check and the County's receipt of Rodriguez's release. Nor does the record reflect whether the County made any additional efforts to locate Rodriguez during this time.

The parties filed cross-motions for summary judgment. In his traditional motion for summary judgment, Sutton again contended the statute of limitations barred the County's claims and the County could not rely on the exemption in section 16.061(a) of the Civil Practice and Remedies Code. In his no-evidence motion for summary judgment, Sutton asserted the County could not produce evidence its claims were not barred by limitations. In its traditional motion, the County asserted it was entitled to summary judgment against Sutton on its claims for money had and received. In its no-evidence motion, the County asserted Sutton could not produce evidence of one or more elements of his defenses of laches and estoppel.

After a hearing, the trial court issued an order granting Sutton's traditional and no-evidence motions for summary judgment and denying the County's related motions. The County's motions for new trial and to vacate the judgment were overruled by operation of law. This appeal followed.

## STANDARD OF REVIEW

We review the grant of summary judgment de novo. *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 607 (Tex. 2013). A no-evidence motion for summary judgment places the burden on the non-movant to present summary judgment evidence raising a genuine fact issue. *Bradford Partners II, L.P. v. Fahning*, 231 S.W.3d 513, 516–17 (Tex. App.—Dallas 2007, no pet.). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *Id.* Thus, we must determine whether the non-movant

–4–

produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.*

In a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In such a situation, we render the judgment the trial court should have rendered. *Id.* When both traditional and no-evidence motions for summary judgment are filed, the reviewing court must uphold the summary judgment if it can be sustained under either method. *Bradford Partners II*, 231 S.W.3d at 516–17.

## ANALYSIS

The County raises four issues on appeal. We begin by addressing issues three and four, which are related and dispositive of our decision.

## I. The County's Claims Are Barred by Limitations

In issue three, the County asserts the trial court erred in granting Sutton's traditional motion for summary judgment based on the statute of limitations. In issue four, the County argues the trial court erred in denying the County's traditional motion for summary judgment on its claim of money had and received.

A two-year limitations period governs both claims for money had and received and unjust enrichment. *Pollard v. Hanschen*, 315 S.W.3d 636, 641 (Tex. App.—Dallas 2010, no pet.) (money had and received); *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (unjust enrichment); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003 (general two-year limitations period).[2] Sutton contends the County's claims are barred by limitations because its claims accrued in October 2016, but the County did not file suit until December 2020.

The County asserts it is not subject to any limitations period for its claims against Sutton, relying on section 16.061(a) of the Civil Practice and Remedies Code. That provision states: "[A] right of action of this state or a political subdivision of the state, including a county . . . is not barred by any of the following sections: 16.001-16.004 . . . ." TEX. CIV. PRAC. & REM. CODE § 16.061(a). Through section 16.061, the legislature has exempted counties and other entities, unlike ordinary

---

[2] While some claims for money had and received have a three-year limitations period under section 3.118(g) of the Business and Commerce Code, the County pleaded its claims under the common law. *See Ahmed v. Bank of Whittier, N.A.,* No. 05-21-00058-CV, 2022 WL 1401432, at *4 (Tex. App.—Dallas May 4, 2022, pet. denied) (mem. op.). The County asserts the two-year limitations period applies. Furthermore, even if the three-year limitations period applied, it would not change the disposition of this case.

litigants, from the limitations defense in certain cases. *Harris Cnty. v. Carr*, 11 S.W.3d 342, 344 (Tex. App.—Houston 1999, no pet.).

Sutton contends the County cannot rely on section 16.061(a) because the County did not possess a "right of action" as contemplated by the statute. Sutton asserts any claim for the excess money belonged to Rodriguez, the judgment debtor, rather than the County. Then, when the County paid Rodriquez the excess funds to which he was entitled, the County became subrogated to Rodriguez's claims. Sutton therefore contends because all of Rodriguez's claims were barred by limitations, the County's claims were likewise barred. Sutton relies on cases addressing limitations exemptions in the context of workers' compensation and banking claims. *E.g.*, *Carr*, 11 S.W.3d at 344.

In *Carr*, Harris County paid workers' compensation benefits to its employee who was injured in an automobile accident. *Id.* at 343. The county then sued the other driver (Carr), alleging his negligence caused the employee's injuries. *Id.* Carr asserted a limitations defense, while the county claimed it was exempt from the two-year limitations period pursuant to section 16.061(a). *Id.* at 344. Carr argued section 16.061(a) did not apply because the county's claim was a subrogation claim. The court of appeals agreed. *Id.*

The court recognized that under supreme court precedent, a workers' compensation insurer who asserts a subrogation claim asserts a *"claim that belongs to the employee."* *Id.* (emphasis in original) (citing *Franks v. Sematech, Inc.*, 936

S.W.2d 959, 960 (Tex. 1997)). The cause of action against the third-party tortfeasor belongs to the employee, whether the insurer sues in its own name or the employee's name. *Id.* Thus, the third-party tortfeasor may assert defenses he would have had in a suit brought directly by the employee, such as a limitations defense. *Id.* Because the subrogation claim brought by Harris County against Carr was a claim that belonged to the employee, not the county, it was not covered by the limitations exemption of section 16.061(a). *Id.* Accordingly, the claim was barred by the two-year statute of limitations. *Id.*; *see also McNutt v. Cox,* 129 S.W.2d 626, 628 (Tex. [Comm'n Op.] 1939) (running of limitations period was not suspended during time that promissory note was in the custody of state banking commissioner: "[T]his action was not brought for the use or benefit of the state, but was brought for the use and benefit of the creditors of the insolvent bank, who were the real parties at interest."); *Resolution Tr. Corp. v. Holmes*, 846 F. Supp. 1310, 1315 (S.D. Tex. 1994) (statute of limitations continued to run during period savings and loan association was under the supervision of the state; the claims did not belong to the state, but the association).

The County relies on cases generally holding that unauthorized payments made by a governmental unit may be recovered. *E.g.*, *City of Taylor v. Hodges*, 186 S.W.2d 61, 63 (Tex. 1945) (city could recover from county voluntary payments made by city that should have been made by county); *Cameron Cnty. v. Fox*, 2 S.W.2d 433, 436 (Tex. Comm'n App. 1928, judgm't adopted) (county could

maintain a suit to recover a voluntary payment on a claim by the tax collector for a bond premium that was later determined to have been unlawfully paid); *Nunn-Warren Pub. Co. v. Hutchinson Cnty.*, 45 S.W.2d 651, 653 (Tex. Civ. App.—Amarillo 1932, writ ref'd) (county could maintain a suit to recover voluntary payment on a claim for amounts paid to newspaper for publishing citations, when the underlying payment was not statutorily authorized).

The County also relies on cases holding a payor has the right to recover funds it has paid by mistake. *E.g.*, *Bryan v. Citizens Nat. Bank in Abilene*, 628 S.W.2d 761, 763 (Tex. 1982) (check mistakenly paid over a stop payment order); *Nevarez v. USAA Fed. Savs. Bank*, 630 S.W.3d 416, 423 (Tex. App.—El Paso 2021, pet. denied) (bank could recover mistakenly paid residential loan funds from attorney acting as escrow agent, who refused to return the funds); *Benson v. Travelers Ins. Co.*, 464 S.W.2d 709 (Tex. Civ. App.—Dallas 1971, no writ) (insurer could recover excess funds mistakenly paid to its insured); *Hull v. Friedman*, 383 S.W.2d 236, 239 (Tex. Civ. App.—Fort Worth 1964, writ ref'd n.r.e.) (oil producer could recover excess royalties paid by mistake); *Gulf Oil Corp. v. Lone Star Producing*, 322 F.2d 28, 32-33 (5th Cir. 1963) (oil producer could recover mistaken excess payments for deliveries).

Finally, the County cites cases supporting that one who pays funds mistakenly may bring an action against the recipient, even if the funds did not belong to the payor. *E.g.*, *Doss v. Homecomings Fin. Network, Inc.*, 210 S.W.3d 706, 710-11 (Tex.

–9–

App.—Corpus Christi 2006, pet. denied) (lender entitled to summary judgment on its claim for money had and received against husband who kept funds mistakenly paid to him instead of being applied to ex-wife's note); *Lyman D. Robinson Family Ltd. P'ship v. McWilliams & Thompson, PLLC*, 143 S.W.3d 518, 520 (Tex. App.—Dallas 2004, pet. denied) (escrow agent was entitled to summary judgment to recover excess monies mistakenly paid to property sellers); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ) (oil company's mistaken overpayment of royalties sounded in a claim for money had and received); *Atlantic Ref. Co. v. Tidwell*, 318 S.W.2d 905, 908 (Tex. Civ. App.—Houston 1958, writ ref'd n.r.e.) (minor's guardian could not retain royalty payments mistakenly made by oil company).[3]

We do not dispute the general propositions of law in each of the County's cited cases. However, none of those cases addressed whether the governmental entity could avail itself of a limitations exemption like that in section 16.061(a) of the Civil Practice and Remedies Code. The parties have not cited, and we have not located, any cases addressing the scenario before us involving the mistaken payment of proceeds from an execution sale and the application of the statute of limitations.

---

[3] The County also cites a Pennsylvania case holding that a suit concerning excess funds from an execution sale could be maintained in the name of the sheriff. *Longenecker v. Ziegler*, 1 Watts 252 (Pa. 1832). However, we do not find *Longnecker* persuasive on the issue of whether a governmental unit possesses a right of action exempt from the statute of limitations.

Nonetheless, we agree with the reasoning of *Carr* and related cases as applied to the facts of this case. Here, the claim against Sutton for the excess proceeds belonged to Rodriguez, not the County. When the County paid Rodriguez after learning of its mistake, it became subrogated to Rodriguez's rights against Sutton. However, the County, as subrogee, was subject to any defenses Sutton could have asserted against Rodriguez, including the limitations defense. *See Carr*, 11 S.W.3d at 344; *see also Guillot v. Hix*, 838 S.W.2d 230, 232 (Tex. 1992) ("Because a subrogation action is derivative, the defendant in such an action may ordinarily assert any defense he would have had in a suit by the subrogor."). The County did not have a "right of action" as contemplated by section 16.061(a) and cannot rely on the limitations exception therein. *See Carr*, 11 S.W.3d at 344; *Holmes*, 846 F. Supp. at 1315.

Our decision is further supported by the statutes addressing the rights and duties of the parties to an execution sale. *See* TEX. CIV. PRAC. & REM. CODE § 34.047(c) (excess funds from sheriff's sale shall be "immediately" paid to the defendant/debtor); *see also Turner v. Gibson*, 151 S.W. 793, 793 (Tex. 1912) ("Clearly the surplus of the sale becomes the property of the judgment debtor, and he is entitled to receive it at once."). If an officer fails to deliver monies collected by execution to the person entitled to those funds, the officer and their sureties become liable. TEX. CIV. PRAC. & REM. CODE § 34.067. The county, at the discretion of the commissioners court, may pay any judgment against that officer. *Id*. § 34.069. When

the county pays such a judgment, it "has a *right of subrogation*" against the debtor. *Id*. § 34.070 (emphasis ours).

Thus, the statutes support that the County had no independent right of action as contemplated by section 16.061(a) but was instead a subrogee to Rodriguez's rights. Rodriguez made a claim against the County for the excess funds. While the record does not reflect a judgment or pending suit against the County, the commissioners court obviously understood the County's potential liability to Rodriguez. Accordingly, the commissioners court authorized a payment to Rodriguez by an order dated August 1, 2017, giving rise to a right of subrogation against Sutton. *See id.* However, the County did not file suit against Sutton until December 18, 2020, more than three years after it became subrogee, and more than four years after the mistaken payment was made and the claim accrued (on or about October 13, 2016).[4] As a subrogee, the County was subject to any defenses Sutton could have asserted against Rodriguez, including a limitations defense. *Carr*, 11 S.W.3d at 344. The County acknowledges that if section 16.061(a) does not apply, its claims are barred.

Because section 16.061(a) does not apply and the County filed suit more than two years after the claims accrued, the County's claims are barred by limitations.

---

[4] Rodriguez was not actually paid until November 2020, allegedly due to the County's difficulty in locating Rodriguez and securing a release and assignment of claims. Even if the County's right of subrogation did not arise until November 2020, the County is still subject to the limitations defenses Sutton would have had against Rodriguez. The two-year limitations period had long since expired, where the cause of action accrued in October 2016 when the excess payment was made.

–12–

Accordingly, the trial court did not err in granting Sutton's traditional motion for summary judgment based on limitations and denying the County's traditional motion for summary judgment for its claims of money had and received. We overrule issues three and four.

## II.    Remaining Issues

In issue one, the County asserts the trial court erred in granting Sutton's no-evidence motion for summary judgment where Sutton argued the County could not produce evidence its claims were not barred by limitations. In issue two, the County asserts the trial court erred in denying the County's no-evidence motion for summary judgment on Sutton's affirmative defenses of laches and estoppel. Our resolution of issues three and four moots consideration of these remaining issues. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

The County cannot claim the exemption to the running of the statute of limitations in section 16.061(a) of the Civil Practice and Remedies Code. The County's claims for money had and received and unjust enrichment are barred by the two-year statute of limitations. Therefore, the trial court did not err in granting Sutton's traditional motion for summary judgment based on limitations, or in denying the County's traditional motion for summary judgment.

Accordingly, we affirm the trial court's judgment.



/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220932F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DALLAS COUNTY, TEXAS, Appellant

No. 05-22-00932-CV          V.

TIM SUTTON A/K/A TIMOTHY SUTTON A/K/A TIMOTHY L. SUTTON A/K/A TIMOTHY LEE SUTTON, Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas Trial Court Cause No. CC-20-05497-B.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TIM SUTTON A/K/A TIMOTHY SUTTON A/K/A TIMOTHY L. SUTTON A/K/A TIMOTHY LEE SUTTON recover his costs of this appeal from appellant DALLAS COUNTY, TEXAS.

Judgment entered this 14th day of February, 2024.